UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CALLAHAN PEARCE, | No. 2:13-cv-2321 GGH P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LIZARRAGA,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's motion to dismiss, filed February 18, 2014. Petitioner has filed an opposition. For the reasons set forth below, the motion to dismiss will be granted.

This case is a consent case heard by the undersigned pursuant to 28 U.S.C. section 636(c).

BACKGROUND

Petitioner challenges his 2001 juvenile commitment which was used to enhance the sentence in his 2006 conviction. (ECF No. 1 at 17.) Respondent filed a motion to dismiss this

---

[1] William Knipp was previously named as the respondent. Joe A. Lizarraga is currently the warden of Mule Creek State Prison, where petitioner is incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court substitutes Joe A. Lizarraga as respondent.

1

action because petitioner is not in custody for the 2001 conviction, but is serving a sentence for the 2006 judgment.  (ECF No. 11.)  On May 4, 2006, in Sacramento Superior Court, petitioner was sentenced to nineteen years for attempted murder.  (ECF No. 1 at 13; ECF. No. 11 at 4.)  Petitioner's sentence was enhanced due to the 2001 commitment in Juvenile Court for rape and auto theft. (ECF No. 1 at 17.)

On November 7, 2013, petitioner filed the instant action, seeking to reverse the 2001 rape conviction, and its enhancement of his 2006 sentence, claiming his constitutional rights were violated in the prosecution of the rape crime.

DISCUSSION

I. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir.1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971). "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, ... or patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (internal quotations and citations omitted).

II. Lack of Subject Matter Jurisdiction

Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  The "in custody" requirement for a habeas petition pursuant to § 2254(a) is jurisdictional and thus is the first question a habeas court must consider. Maleng v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 104 L.Ed.2d 540 (1989).  The requirement has two

aspects: 1) the petitioner must be in custody at the time the petition is filed, and 2) the custody must be under the conviction or sentence under attack at the time the petition is filed. Id. A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired." Id. at 491.

The record reflects that petitioner's juvenile commitment for the 2001 rape and auto theft was recalled on March 8, 2002, four years before he was sentenced in 2006 for attempted murder.[2] (ECF No. 1 at 13, 38.) See also Superior Court Order, filed May 30, 2013, denying habeas corpus petition based on finding that petitioner "is no longer in custody on the underlying conviction." (ECF No. 1 at 44; Res't's Lod. Doc. 3.)[3] Therefore, petitioner is no longer "in custody" as to the 2001 juvenile commitment.[4] The sentence imposed for the 2001 commitment has long since expired. Thus, the court lacks subject matter jurisdiction to consider petitioner's claims challenging the validity of his 2001 commitment, and the motion to dismiss will be granted.[5]

Petitioner also challenges the validity of his 2001 commitment on the ground that it was improperly used to enhance his 2006 conviction. However, that claim is unavailing. In Lackawanna v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court

---

[2] Welfare & Institutions Code §§ 775 and 779 authorize a juvenile court to recall a commitment. People v. Najera, 222 Cal.App.3d 1507, 1515, 272 Cal.Rptr. 413, 418 (Cal. Ct. App. 1990.) The juvenile court retains jurisdiction only until the ward reaches either age 21 or 25, depending on the nature of the crime committed. Welf. & Inst. §§ 607(a), (b), 707(b), (d)(2); In re Antoine D., 137 Cal.App.4th 1314, 1320, 40 Cal.Rptr.3d 885, 888 (Cal. Ct. App. 2006). As petitioner's date of birth is August 10, 1983, the juvenile court lost jurisdiction after either August 10, 2004, or August 10, 2008. (Res't's Lod. Doc. 1.) Petitioner first attacked his juvenile commitment by filing a superior court habeas petition on February 28, 2013, when he was well beyond 25 years of age. (Id., Lod. Doc. 2.)

[3] A court may take judicial notice of court records. See MGI C Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).

[4] Any argument that a requirement to register as a sex offender constitutes being "in custody" may be put to rest as previously rejected by the courts. Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999).

[5] Because this court lacks subject matter jurisdiction, it will not address respondent's other basis for dismissal, untimeliness.

held that "once a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as presumptively valid." Id. at 403. If such a conviction is later used to enhance a criminal sentence, the enhanced sentence cannot be challenged in federal habeas proceedings "on the ground that the prior conviction was unconstitutionally obtained." Id. at 404. The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment." Lackawanna, 532 U.S. at 404. Here, the record demonstrates that petitioner was represented by counsel in connection with the 2001 juvenile commitment. (Res't's Lod. Doc. 1.) Because petitioner was represented by counsel in connection with his prior commitment, the "failure to appoint counsel" exception does not apply and he is precluded from collaterally attacking the 2001 conmmitment through a § 2254 petition. See Lackawanna 532 U.S. at 406.

Petitioner cites to Maleng v. Cook, 490 U.S. 488, 493, 109 S. Ct. 1923 (1989), which predates Lackawanna, for the proposition that an expired sentence can be considered on habeas if it was used to enhance a current conviction. This question left unanswered in Maleng v. Cook, 490 U.S. 488, 493, 109 S. Ct. 1923 (1989), was specifically resolved by Lackawanna. 532 U.S. at 402, 121 S. Ct. at 1573. Such a prior recalled commitment is not subject to collateral attack directed at the enhanced later sentence.[6][7]

/////

/////

---

[6] Although petitioner suggests an actual innocence claim by his statement in the opposition that he "has always maintained his actual and factual innocence," (ECF No. 12 at 6), his petition contains no such claim. In any event, actual innocence is not an exception to the Lackawanna rule. Only a plurality of the Supreme Court suggested, but did not decide, that an exception might be appropriate for actual innocence if there was compelling evidence that petitioner could not have discovered in a timely manner. Lackawanna, 532 U.S. at 405-06.

[7] Nor does the case of Durbin v. People of California, 720 F.3d 1095 (9th Cir. 2013) avail petitioner. In that case the Ninth Circuit found that the state courts had erroneously found petitioner not to be in custody at the time of his state petitions, and hence, the state courts had unjustifiably not reached the merits of the "expired" conviction sought to be attacked in the present case. The Ninth Circuit held that this situation was an exception to Lackawanna's rule. In this case, the state court was correct in finding petitioner not to be in custody at the time of his state petition.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's February 18, 2014 motion to dismiss is granted; and

2. This action is dismissed.

Dated: March 12, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Pear2321.mtd-cust